**INDIANAPOLIS POWER & LIGHT COMPANY, Petitioner**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent**

Nos. 01–1039, 01–1494.

United States Court of Appeals,
District of Columbia Circuit.

May 16, 2002.

Before GINSBURG, Chief Judge, and RANDOLPH and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

These consolidated petitions were considered on the record from the Environmental Protection Agency and on the briefs of the parties. The court has determined that the issues presented occasion no need for a published opinion. It is

*ORDERED AND ADJUDGED* that the petitions for review in Nos. 01–1039 and 01–1494 are dismissed for the reasons given in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Indianapolis Power & Light (IPL) petitions for review of two final rules promulgated by the Environmental Protection Agency (EPA): "Final Rule Making Findings of Failure to Submit Required State Implementation Plans for the $NO_x$ SIP Call," 65 Fed.Reg. 81,366 (Dec. 26, 2000), and "Approval and Promulgation of Air Quality Implementation Plans; Indiana; Oxides of Nitrogen Regulations," 66 Fed. Reg. 56,465 (Nov. 8, 2001). In its briefs, however, IPL does not challenge these rules. Instead, it challenges EPA's determination in another rule that Indiana must reduce its $NO_x$ emissions. *See* "Finding of Significant Contribution and Rulemaking for Certain States in the Ozone Transport Assessment Group Region for Purposes of Reducing Regional Transport of Ozone,"

63 Fed.Reg. 57,356 (Oct. 27, 1998) ("NO$_x$ SIP Call"). Because IPL brings this challenge long after the expiration of the 60–day review period for the NO$_x$ SIP Call, 42 U.S.C. § 7607(b)(1), we must dismiss its petitions.

IPL contends that we should hear its challenge to EPA's determination because it has not previously had an opportunity to seek review of the NO$_x$ SIP Call. In fact, IPL was a petitioner in *Michigan v. EPA*, 213 F.3d 663 (D.C.Cir.2000), in which we rejected the claim that the NO$_x$ SIP Call is unlawful as applied to Indiana and therefore denied IPL's petition. As a result, in addition to being untimely, IPL's challenge is barred by the doctrine of res judicata. *See Natural Resources Defense Council v. Thomas*, 838 F.2d 1224, 1252 (D.C.Cir. 1988). IPL suggests that its participation in the *Michigan* litigation should not prevent it from bringing this challenge because this court did not allow it to file a separate brief, and because, despite its best efforts, its specific argument against the NO$_x$ SIP Call was not included in the industry petitioners' joint brief. But if IPL encountered any difficulty presenting its position in the *Michigan* litigation, it should have sought relief from the court prior to the deadline for the submission of the petitioners' opening brief in that case. Its failure to do so does not permit it to bring a challenge outside the 60–day jurisdictional window—and certainly not a challenge to a rule that has already been reviewed and upheld by this court.